293-08/MEU
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
BREEZE A MARINE LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BREEZE A MARINE LTD.,

                                Plaintiff,

       - against –

PROJECTOR SA,

                             Defendant.

------------------------------------------------------------------x

08 Civ. 5010

**VERIFIED COMPLAINT**

Plaintiff, BREEZE A MARINE LTD., (hereinafter "BREEZE A") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant PROJECTOR SA (hereinafter "PROJECTOR") alleges upon information and belief as follows:

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.    At all times relevant hereto, BREEZE A was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 18 2 South Street, Valletta, Malta VLT 11.

3.    At all times relevant hereto, PROJECTOR was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 35A Regent Street, Belize City, Belize.

4.    On or about October 18, 2007, BREEZE, as owner, and PROJECTOR, as charterer, entered into a maritime contract of charter party on an amended ASBATANKVOY form for the use and operation of the M/T BREEZE A ("the charter party") for one time charter trip from Novorossinsk to Aliaga and Marsin.

5.    Pursuant to the terms of the charter party, the vessel was duly delivered into service under the charter and the cargo was safely loaded, transported and discharged.

6.    The laytime permitted for loading and discharging of the cargo under the terms of the charter was exceeded and thus demurrage was earned.

7.    On or about November 15, 2007, BREEZE A provided PROJECTOR with a laytime calculation and invoice for demurrage in the sum of $37,713.54.

8.    Despite due demand, PROJECTOR, in breach of the charter party, has refused and/or otherwise failed to pay the amount due and outstanding.

9.    Plaintiff BREEZE A has fulfilled all obligations required of it under the charter party.

10.    The charter party provides for the application of English law and all disputes between the parties are to be resolved by arbitration in London, and BREEZE A specifically reserves its right to proceed in arbitration.

11. BREEZE A has commenced and/or shortly will commence arbitration proceedings in London.

12. This action is brought to obtain jurisdiction over PROJECTOR and to obtain security in favor of Plaintiff BREEZE A in respect to its claims against PROJECTOR and in aid of London proceedings.

13. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

14. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

15. Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim in London will be $25,000 and interest on its damages are estimated to be $6,473.88 (calculated at the rate of 8% for a period of 2 years, the estimated time for completion of the proceedings in London).

**Request for Rule B Relief**

16. Upon information and belief, and after investigation, PROJECTOR cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that PROJECTOR have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of PROJECTOR (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in

either of their names at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17. The total amount to be attached pursuant to the calculations set forth above is **$69,187.42.**

WHEREFORE, Plaintiff BREEZE A prays:

a.     That process in due form of law according to the practice of this Court may issue against PROJECTOR citing them to appear and answer the foregoing;

b.     That if PROJECTOR cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of PROJECTOR up to and including **$69,187.42** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of PROJECTOR (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of their names or as may be held, received or transferred for their benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any judgment entered against the PROJECTOR in the London

proceedings; and

d.       For such other, further and different relief as this Court may deem just and proper

in the premises.

Dated: New York, New York
       May 29, 2008

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              BREEZE A MARINE LTD.

                              By: _____
                                   Michael E. Unger (MU 0045)
                                   80 Pine Street
                                   New York, NY 10005
                                   (212) 425-1900
                                   (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York )
                 ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
30th day of May 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10